| |
|---|
| M<small>ICHAEL</small> J. R<small>EDENBURG</small>, E<small>SQ</small>. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>150 Broadway, Suite 808<br>New York, NY 10038<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHARLENE FELICIANO,**<br><br>                                  **Plaintiff,**<br>v.<br><br>**THE CITY OF NEW YORK, NYPD Sergeant ANNA SERRANO (Shield #3572) and Police Officer DANIEL LUDEMANN (Shield #10721, Tax ID 938892), individually and in their official capacities,**<br><br>                                  **Defendants.** | Amended Complaint<br><br>JURY TRIAL DEMANDED<br><br>Civ. No.:  13-CV-3147 (RJD)(CLP) |

### NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and §1343.

4. Venue is proper in the district pursuant to 28 U.S.C. §§1391 (b) and (c).

1

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Charlene Feliciano ("Plaintiff" or "Ms. Feliciano") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD a department or agency of the defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant NYPD Sergeant ANNA SERRANO is a member of the New York City Police Department ("NYPD") who was employed by the NYPD on April 3, 2013. Defendant ANNA SERRANO was acting under color of state law in her capacity of an agent, servant and employee of defendant CITY OF NEW YORK and the NYPD. Defendant ANNA SERRANO is sued in both her individual and official capacity.

9. Defendant NYPD Officer DANIEL LUDEMANN is a member of the New York City Police Department ("NYPD") who was employed by the NYPD on April 3, 2013. Defendant DANIEL LUDEMANN was acting under color of state law in his capacity of an agent, servant and employee of defendant CITY OF NEW YORK and the NYPD. Defendant DANIEL LUDEMANN is sued in both his individual and official capacity.

## STATEMENT OF FACTS

10. In the early afternoon of April 3, 2013, Plaintiff was lawfully present in her apartment, NYCHA building, Hope Gardens, preparing something to eat.

11. Plaintiff received a phone call from her neighbor advising Plaintiff that Plaintiff's nephew was just outside of the building being arrested.

12. Plaintiff was alarmed and concerned, especially in light of the fact that her nephew suffers from diabetes, and has had several of his toes amputated.

13. When Plaintiff arrived downstairs, just outside of her building, she observed Defendant NYPD Sergeant ANNA SERRANO pinning her nephew up against a car and twisting his arm behind his back, although he was already handcuffed and duly restrained.

14. Concerned for her nephew's safety, Plaintiff stated to Defendant NYPD Sergeant ANNA SERRANO that her nephew had several amputated toes, and could easily fall down.

15. In response, Defendant NYPD Sergeant ANNA SERRANO screamed at Plaintiff, "Who the fuck are you? Stay the fuck back!"

16. In reply, Plaintiff stated/queried, "That's my nephew. Why are you arresting him?"

17. Defendant NYPD Sergeant ANNA SERRANO then told Plaintiff, in sum and substance, that Plaintiff's nephew was being arrested for using a vulgar word while in the street, although not directed at Defendant NYPD Sergeant ANNA SERRANO, or any other Police Officer.

18. Defendant NYPD Sergeant ANNA SERRANO then said to Plaintiff, in sum and substance, "That she (Plaintiff) must want to get "locked-up" too," and began handcuffing Plaintiff.

19. In the process of arresting and handcuffing Plaintiff, Defendant NYPD Sergeant ANNA SERRANO dug her nails into Plaintiff's arm, which resulted in two lacerations to Plaintiff's arm.

20. Thereafter, and in furtherance of her false arrest, Plaintiff was thrown into the back of an unmarked police car and taken to the 83rd Precinct, where she was fingerprinted, photographed and processed. Plaintiff was held at the Precinct for more than seven (7) hours.

21. Based on the false information Defendant NYPD Sergeant ANNA SERRANO and Defendant NYPD Officer DANIEL LUDEMANN provided to employees of the Kings County District Attorney's Office, Plaintiff was charged with Resisting Arrest, Obstructing Governmental Administration in the Second Degree; and violating two subsections of NY PL§240.20, which are violations and not crimes.

22. Neither Defendant NYPD Sergeant ANNA SERRANO nor Defendant NYPD Officer DANIEL LUDEMANN had ever observed Plaintiff engage in any illegal conduct warranting her arrest.

23. Plaintiff was eventually transported to Brooklyn Central Booking.

24. After spending more than twenty four (24) hours in Brooklyn Central Booking, Ms. Feliciano appeared before Judge Rodriguez for her arraignment, and the matter was adjourned in contemplation of dismissal ("ACD").

25. As a result of the foregoing, the Plaintiff sustained, *inter alia*, loss of enjoyment of life, emotional distress, mental anguish, fear, embarrassment, humiliation, shame, indignity, physical pain and injuries, damage to her reputation and deprivation of her constitutional rights.

### FIRST CLAIM
*FALSE ARREST UNDER 42 U.S.C. §1983*
*Against Defendants Serrano & Ludemann*

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. As a result of defendants' aforementioned conduct, Plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined by the defendants without any probable cause, privilege or consent.

28. That the detention of the Plaintiff by defendants was objectively unreasonable and in violation of Plaintiff's constitutional rights.

29. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SECOND CLAIM
*UNREASONABLE FORCE UNDER 42 U.S.C. §1983*
*Against Defendant Serrano*

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendant SERRANO violated the Fourth and Fourteenth Amendments because a degree of force was used on Plaintiff that was unreasonable because it was not necessary under the circumstances.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM

## *MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. §1983*
### *Against Defendants Serrano & Ludemann*

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendant NYPD Sergeant ANNA SERRANO and Defendant NYPD Officer DANIEL LUDEMANN issued legal process to detain the Plaintiff and subject her to a false arrest and malicious prosecution.

35. The actions of Defendant NYPD Sergeant ANNA SERRANO and Defendant NYPD Officer DANIEL LUDEMANN were designed to obtain a collateral objective outside the legitimate ends of the legal process.

36. Defendant NYPD Sergeant ANNA SERRANO and Defendant NYPD Officer DANIEL LUDEMANN acted with intent to do harm to Plaintiff without excuse or justification.

37. As a direct and proximate cause of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **FOURTH CLAIM**
### *1983 "MONELL" CLAIM*
### *Against The City of New York*

38. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth herein.

39. Upon information and belief, it was the custom, policy and practice of THE CITY OF NEW YORK to tolerate, condone and encourage constitutional violations, such as those

alleged by Plaintiff above, by failing to properly punish, charge, reprimand and investigate allegations and incidents of police misconduct.

40. Employees of the CITY OF NEW YORK such as the individual defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct and further that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

41. By failing to supervise, train and reprimand such Police Officers, THE CITY OF NEW YORK caused the injury to Plaintiff through the actions and inactions of the individual defendants.

42. By maintaining a *de facto* policy of automatic indemnification, THE CITY OF NEW YORK caused the injuries to Plaintiff through the actions and inactions of the individual defendants.

43. Upon information and belief, it was the custom, policy and practice of THE CITY OF NEW YORK to authorize and permit certain police officers, including the individually named defendants to cause the search and seizure of the person of Plaintiff despite the lack of a proper warrant and despite the lack of even arguable probable cause and despite any cognizable legal justification.

44. Upon information and belief, this custom, policy and practice of THE CITY OF NEW YORK encouraged and caused the constitutional violations by Defendant NYPD Sergeant ANNA SERRANO and Defendant NYPD Officer DANIEL LUDEMANN, who were/are employed by THE CITY OF NEW YORK, including the violations of Plaintiff's constitutional rights by the individual defendants.

45. THE CITY OF NEW YORK'S failure to take action against its police officers involved in this incident and in other countless similar incidents was, and continues to be, part of a custom, practice and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiff.

46. As the authorized representative of the defendants, THE CITY OF NEW YORK, the officer's conduct of illegal arrests, searches and seizures of arrestees, such as the Plaintiff, constitutes a custom, policy and practice which renders the defendant, THE CITY OF NEW YORK, liable to Plaintiff as a "Person" acting under the color of state law.

47. These customs, policies and practices were enforced by defendants Defendant NYPD Sergeant ANNA SERRANO and Defendant NYPD Officer DANIEL LUDEMANN, and were the moving force, proximate cause and affirmative link behind the conduct causing Plaintiff's injuries.

48. THE CITY OF NEW YORK is therefore liable for violations of Plaintiff's constitutional rights as caused by defendants Defendant NYPD Sergeant ANNA SERRANO and Defendant NYPD Officer DANIEL LUDEMANN as described in more detail in the foregoing paragraphs of the Complaint; and the Plaintiff has suffered damages therefrom.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

    a. Compensatory damages against all defendants, jointly and severally;

    b. Punitive damages in an amount to be determined by a jury;

    c. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. §1988; and

    d.  Such other relief as this Court shall deem just and proper.

Dated:   September 23, 2013
           New York, NY

                              s/*Michael J. Redenburg*
                              Michael J. Redenburg (NY #MR4662)
                              MICHAEL J. REDENBURG, ESQ. PC
                              150 Broadway, Suite 808
                              New York, NY 10038
                              mredenburg@mjrlaw-ny.com
                              1-212-240-9465 (Phone)
                              1-917-591-1667 (Fax)